**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | | |
|---|---|---|---|
| DIANN B. JAMES, | : | | |
| | : | | |
| Plaintiff, | : | Civil Action No.: | 08-1274 (RMU) |
| | : | | |
| v. | : | Re Document No.: | 5 |
| | : | | |
| VERIZON SERVICES | : | | |
| CORPORATION *et al.*, | : | | |
| | : | | |
| Defendants. | : | | |

<u>**MEMORANDUM OPINION**</u>

**DENYING THE DEFENDANTS' MOTION TO DISMISS; GRANTING THE DEFENDANTS' MOTION IN
THE ALTERNATIVE TO TRANSFER VENUE TO THE DISTRICT OF MARYLAND**

## I. INTRODUCTION

The plaintiff, Diann B. James, commenced this action against the defendants, Verizon

Services Corp. ("Verizon") and Kenna Ashley, in the District of Columbia alleging violations of

the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, Title VII of

the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. §§ 2000 *et seq.*, and the Family and

Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 *et seq.*[1]  The matter is now before the court on

the defendants' motion to dismiss the case for improper venue or, in the alternative, to transfer

the case to the Greenbelt Division of the District of Maryland.  Because the court holds that

venue in the District of Columbia is improper and determines that transfer, rather than dismissal,

is appropriate, the court denies the defendants' motion to dismiss and grants the defendant's

motion in the alternative to transfer.

---

[1]     The plaintiff has consented to the dismissal of her claim under the District of Columbia Human
Rights Act ("DCHRA"), as well as to the dismissal of the Title VII and ADA claims against
defendant Ashley.  *See* Pl.'s Opp'n at 11 n.3.  Consequently, the court will not address those
claims.

## II.  FACTUAL & PROCEDURAL BACKGROUND

The plaintiff, an African American woman formerly employed as an EEO compliance officer with Verizon, sued Verizon alleging violations of the ADA, Title VII and the FMLA. Compl. ¶¶ 1, 54-77.  The plaintiff claims that Verizon terminated her "without just cause because of her disability[,] . . . race . . . [and] serious health condition."[2]  *Id.* ¶¶ 57, 70, 77.  The plaintiff also alleges that she was given smaller bonuses than her white counterparts and required to do tasks not assigned to white employees.  *Id.* ¶¶ 59-66.  Additionally, the plaintiff asserted an FMLA claim against her former supervisor, Ashley, claiming that Ashley "frequently and inappropriately inquired" about her health condition and ordered her to appear at work while on FMLA-approved leave for the purpose of being terminated.  *Id.* ¶¶ 71-77.  The defendants have moved to dismiss the case or, alternatively, to transfer venue to the District of Maryland.  *See generally* Defs.' Mot.  The plaintiff opposes the motion.  *See* Pl.'s Opp'n at 4-5.

## III.  ANALYSIS

### A.  Legal Standard for Transfer of Venue in Title VII Cases

Federal Rule of Civil Procedure 12(b)(3) states that the court will dismiss or transfer a case if venue is improper or inconvenient in the plaintiff's chosen forum.  FED. R. CIV. P. 12(b)(3).  In considering a Rule 12(b)(3) motion, the court accepts the plaintiff's well-pled factual allegations regarding venue as true, draws all reasonable inferences from those allegations in the plaintiff's favor and resolves any factual conflicts in the plaintiff's favor.  *Darby v. U.S. Dep't of Energy*, 231 F. Supp. 2d 274, 277 (D.D.C. 2002); *2215 Fifth St. Assocs. v. U- Haul Int'l,*

---

[2]   The plaintiff's health condition is uveitis, a disorder involving inflammation of the middle layer of the eye, which impairs the plaintiff's vision.  Compl. ¶¶ 73, 75.

*Inc.*, 148 F. Supp. 2d 50, 54 (D.D.C. 2001).  The court, however, need not accept the plaintiff's

legal conclusions as true.  *2215 Fifth St. Assocs.*, 148 F. Supp. 2d at 54.  To prevail on a motion

to dismiss for improper venue, the defendant must present facts that will defeat the plaintiff's

assertion of venue.  *Id.*

Venue for Title VII claims is governed by the specific provision within Title VII rather

than the general venue provision of 28 U.S.C. § 1391.[3]  *See* 42 U.S.C. § 2000e-5(f)(3).  That

section provides that a Title VII action

> may be brought in [1] any judicial district in the State in which the unlawful
> employment practice is alleged to have been committed, [2] in the judicial district in
> which the employment records relevant to such practice are maintained and
> administered, or [3] in the judicial district in which the aggrieved person would have
> worked but for the alleged unlawful employment practice, [4] but if the respondent
> is not found within any such district, such an action may be brought within the
> judicial district in which the respondent has his principal office.

42 U.S.C. § 2000e-5(f)(3).  This provision indicates that Congress intended to limit venue in

Title VII cases to those jurisdictions concerned with the alleged discrimination.  *Stebbins v. State*

*Farm Mut. Auto. Ins. Co.*, 413 F.2d 1100, 1102 (D.C. Cir. 1969) ("*Stebbins I*").  If the plaintiff

brings suit in a jurisdiction that does not satisfy one of the venue requirements listed in 42 U.S.C.

§ 2000e-5(f)(3), venue is improper.  42 U.S.C. § 2000e-5(f)(3); *Washington v. Gen. Elec. Corp.*,

686 F. Supp. 361, 363 (D.D.C. 1988).  When a plaintiff files an action in the wrong district, 28

U.S.C. § 1406(a) directs the court to "dismiss, or if it be in the interest of justice, transfer such

case" to the proper venue.  28 U.S.C. § 1406(a).  Generally, the "interest of justice" requires

---

[3]     The plaintiff's ADA claim, like her Title VII claim, is governed by the specific venue provision
of 42 U.S.C. § 2000e-5(f)(3).  *See* 42 U.S.C. § 12117(a) (establishing that "[t]he powers,
remedies, and procedures set forth in [42 U.S.C. §] 2000e-5 . . . shall be the powers, remedies,
and procedures this subchapter provides . . . to any person alleging discrimination on the basis of
disability in violation of any provision of this chapter").

courts to transfer cases to the appropriate judicial district, rather than dismiss them.  *Goldlawr, Inc. v. Heiman*, 369 U.S. 463, 466-67 (1962); *James v. Booz-Allen*, 227 F. Supp. 2d 16, 20 (D.D.C. 2002).

Courts can determine venue by applying a "commonsense appraisal" of events having operative significance.  *Lamont v. Haig*, 590 F.2d 1124, 1134 (D.C. Cir. 1978); *Donnell v. Nat'l Guard Bureau*, 568 F. Supp. 93, 94 (D.D.C. 1983).  Specifically, venue cannot lie in the District of Columbia when "a substantial part, if not all, of the employment practices challenged in this action" took place outside the District even when actions taken in the District "may have had an impact on the plaintiff's situation."  *Donnell*, 568 F. Supp. at 94.

## B.  Venue Is Improper in the District of Columbia

The defendants argue that venue is improper in this district because the case "has absolutely no connection to the District of Columbia" and that venue cannot lie in the District of Columbia under any of the four prongs of 42 U.S.C. § 2000e-5(f)(3).  Defs.' Reply[4] at 1, 4-10.  First, the defendants point out that the alleged discriminatory employment practices occurred at the plaintiff's office in Silver Spring, Maryland.  *Id.* at 5-6.  Second, the defendants assert that "no witnesses or employment documents pertaining to the Plaintiff's performance or termination of employment . . . are located in the District of Columbia."  *Id.* at 8-9.  Third, the defendants observe that the plaintiff "has not made one allegation that the discriminatory acts prevented her

---

[4]     The defendants' motion asserted generally that venue was improper, but did not address the specific venue provisions set forth in 42 U.S.C. § 2000e-5(f)(3).  *See* Defs.' Mot.  In their reply, the defendants argued specifically that venue in the District of Columbia is improper under 42 U.S.C. § 2000e-5(f)(3).  *See* Defs.' Reply.  Accordingly, the court cites primarily to the defendants' reply when analyzing venue under 42 U.S.C. § 2000e-5(f)(3).

from transferring offices [or] otherwise pursuing a position in the District of Columbia." *Id.* at 10.

The plaintiff counters that venue is proper in the District of Columbia under 42 U.S.C. § 2000e-5(f)(3) "since some of the work performance and employment practices alleged in [the] complaint took place in the District of Columbia, and documents relating to her claim are located there." Pl.'s Opp'n at 5. More specifically, the plaintiff points out that "[a]t the time of her termination, [her] employment traversed the state of Maryland, where she was physically located, [and] the District of Columbia, where many of the cases she process[ed] were located . . . [and that she] handled *all* EEO matters for defendant's Washington, D.C. employees." *Id.* at 4. The court now addresses whether venue in the District of Columbia is proper under any of the four prongs set forth in 42 U.S.C. § 2000e-5(f)(3).

### 1. The Alleged Unlawful Employment Practices Did Not Occur in the District of Columbia

"Under section 2000e-5(f)(3), the court's first inquiry focuses on the locus of the alleged discrimination." *James*, 227 F. Supp. 2d at 22 (citing *Washington*, 686 F. Supp. at 363). While the plaintiff has failed to articulate how the alleged disparate treatment or termination occurred in the District of Columbia, the onus is on the defendant to defeat the plaintiff's assertion of venue. *See 2215 Fifth St. Assocs.*, 148 F. Supp. 2d at 54. The defendants maintain that at all times relevant to the present action, the plaintiff worked in Silver Spring, Maryland. Defs.' Reply, Ex. A ("Ashley Decl. 1 ") ¶ 5. Indeed, the plaintiff was physically located there, received performance reviews and met with her supervisor there, and was ultimately terminated there. *Id.* ¶¶ 10-14. The plaintiff does not dispute these factual assertions. *See generally* Compl.; Pl.'s

Opp'n.  Given the plaintiff's failure to allege that the District of Columbia was the locus of the alleged discrimination, *see generally* Compl.; Pl.'s Opp'n, the court concludes that venue in the District of Columbia is not proper under the first prong of 42 U.S.C § 2000e-5(f)(3).

### 2.  The Relevant Employment Records Are Not Located in the District of Columbia

The court's second inquiry focuses on where the relevant employment records are "maintained and administered."  42 U.S.C. § 2000e-5(f)(3).  The plaintiff maintains that venue is proper in the District of Columbia under this prong because "documents relevant to Ms. James' performance and claim are located in several jurisdictions including the District of Columbia." Pl.'s Opp'n at 5.  This argument is unconvincing for several reasons.

First, Congress explicitly limited venue under the second prong to the one judicial district in which the complete set of relevant employment records is located.  *See* 42 U.S.C. § 2000e-5(f)(3); *see also James*, 227 F. Supp. 2d at 23 (noting that "the statute's use of the singular . . . makes clear that Congress intended venue to lie on the basis of the presence of records only in one judicial district"); *Washington*, 686 F. Supp. at 363 (clarifying that "Congress intended venue to lie . . . only in the one judicial district in which the complete, 'master' set of employment records is 'maintained and administered'").  The plaintiff's argument that "the District is as appropriate a [venue] as Maryland" under the second prong of the venue analysis is inconsistent with this directive.

Second, the plaintiff's argument under prong two rests on her assertion that relevant records include complaints originating in the District of Columbia that the plaintiff investigated as an EEO officer.  *Id.*  Given the plaintiff's allegations of disparate treatment and wrongful termination, the relevant documents for the purposes of determining venue are those related to

6

the events giving rise to her claims.  *See Lamont*, 590 F.2d at 1134 (holding that courts may use a

"common sense" appraisal of which events have operative significance).  The plaintiff has failed

to offer any evidence from which the court could conclude that the records of other employees'

complaints are relevant to her own allegations of discrimination.  *See generally* Compl.; Pl.'s

Opp'n.

Third, Ashley's sworn affidavit unequivocally states that "[a]ll of Verizon's relevant

employment records pertaining to [the plaintiff] are located either in Maryland or in another state

other than the District of Columbia, where her supervisors worked.  None of [her] employment

records are located in the District of Columbia."  Defs.' Reply, Ex. B ("Ashley Decl. 2") ¶ 8.

The plaintiff's own declaration affirms this fact, as she believes "that [her] employment records

are located in Dallas, Texas."  Pl.'s Opp'n, Ex. A ("James Decl.") ¶ 8.  Thus, the defendant has

met its burden of presenting facts that defeat the plaintiff's assertion of venue.  As such, the court

concludes that venue in the District of Columbia is not proper under the second prong of 42

U.S.C. § 2000e-5(f)(3).  *See, e.g.*, *Tawwaab v. Va. Linen Serv., Inc.*, 594 F. Supp. 2d at 70

(holding that the defendants defeated the plaintiff's assertion of venue in the District of Columbia

by offering evidence that the plaintiff lived and worked in Maryland and that the events giving

rise to the claim occurred in Maryland); *Darby*, 231 F. Supp. 2d at 277 (holding that the

defendants had presented facts defeating venue in the District of Columbia because the plaintiff

worked in Ohio, her employment records were located there and the allegedly unlawful practices

occurred there).

### 3.  The Plaintiff Would Not Have Worked in the District of Columbia
### But For the Alleged Unlawful Employment Practices

Finally, the court examines the third prong of 42 U.S.C. § 2000e-5(f)(3), which states that

an employee may properly bring suit "in the judicial district in which the aggrieved person would

have worked but for the alleged unlawful employment practice."  While the plaintiff makes a

passing reference to looking for office space in Washington, D.C., *see* James Decl. ¶ 6, neither

the complaint nor the opposition alleges that the plaintiff would have worked in the District of

Columbia but for the alleged unlawful employment practice, *see generally* Compl.; Pl.'s Opp'n.

Consequently, the court concludes that venue in the District of Columbia is not proper under the

third prong of 42 U.S.C. § 2000e-5(f)(3).

In sum, venue for the plaintiff's Title VII and ADA claims is improper in the District of

Columbia because the allegedly unlawful employment practices did not occur in the District of

Columbia, the plaintiff's relevant employment records are not located in the District of Columbia

and the plaintiff does not allege that she would have worked in the District of Columbia but for

the allegedly unlawful employment practices.[5]

### C.  Transfer of Venue Under 28 U.S.C. § 1406(a) Is Appropriate

The defendants contend that the plaintiff's choice of forum was "unreasonable" because

there is no relevant connection between the claims at issue in this case and the District of

Columbia.  Defs.' Mot. at 9.  Thus, the defendants urge the court to dismiss the plaintiff's

---

[5]     The fourth prong of the venue provision allows a plaintiff to bring suit in the district in which the
respondent's principal office is located, but only if the respondent cannot be found in any of the
districts described in the first three prongs.  42 U.S.C. § 2000e-5(f)(3).  In light of the court's
determination that the operative events giving rise to this claim occurred in Maryland rather than
the District of Columbia, *see supra* pages 5-8, and that the defendant may be properly subject to
suit in Maryland, *see infra* pages 8-12, the location of the respondent's principal office under the
fourth prong is immaterial.

complaint because the venue was chosen solely for the plaintiff's own convenience and "in an improper attempt by [the] Plaintiff to confer jurisdiction of the DCHRA over her claims." *Id.*

The plaintiff asks that the court transfer the case if it concludes that venue is improper in the District of Columbia. Pl.'s Opp'n at 10. She points out that under 28 U.S.C. § 1406(a), the court may "in the interest of justice transfer the case to any district or division in which it could have been brought." *Id.* Finally, the plaintiff asserts that because she filed her complaint *pro se*, transfer is favorable to dismissal. *Id.* at 11.

28 U.S.C. § 1406(a)[6] instructs the court to either dismiss a case brought in the wrong venue or, in the interest of justice, transfer the case to a district where the case could have originally been brought. *See, e.g.*, *Tawwaab*, 594 F. Supp. 2d at 70. Courts generally favor transfer over dismissal. *See James*, 227 F. Supp. 2d at 20 (observing that "[g]enerally, the 'interest of justice' instructs courts to transfer cases to the appropriate judicial district rather than dismiss them") (citing *Goldlawr*, 369 U.S. at 466). This is especially true when the plaintiff files a complaint *pro se*. *See McQueen v. Harvey*, 567 F. Supp. 2d at 188 (noting that the "plaintiff's status as a *pro se* plaintiff at the time of his filing also merit[ed] additional leniency").

A second consideration is "whether transfer would prejudice Defendant's position on the merits." *Id.* (citing *Sinclair v. Kleindienst*, 711 F.2d 291, 293-94 (D.C. Cir. 1983)). In the instant case, the defendant offers no claim that it would be prejudiced if the case were transferred to Maryland rather than dismissed, which would require the plaintiff to re-file the action in Maryland.

---

[6] Although both parties thoroughly briefed the question of whether transfer is proper under 28 U.S.C. § 1404(a), the court's holding that venue is improper in the District of Columbia renders the parties' analyses of § 1404(a) inapposite. *See* 28 U.S.C. § 1406 (stating § 1406 applies to "case[s] laying venue in the wrong division or district").

Finally, the District of Maryland is also a proper venue for the plaintiff's FMLA claim. Venue for the FMLA claim is governed by the general venue provision codified at 28 U.S.C. § 1391(b). *Devaughn v. Inphonic, Inc.*, 403 F. Supp. 2d 68 (D.D.C. 2005) (noting that 28 U.S.C. § 1391(b) is the proper venue provision for an FMLA claim). Because "a substantial part of the events or omissions giving rise to the [FMLA] claim[] occurred" in Maryland, venue for that claim is proper in Maryland. 28 U.S.C. § 1391(b).

Before transferring this action, the court must also ensure that the defendants are subject to personal jurisdiction in the transferee forum. *See Sharp Elecs. Corp. v. Hayman Cash Register Co.*, 655 F.2d 1228, 1230 (D.C. Cir. 1981) (per curiam); *Crisler v. Schmeltzer*, 1990 WL 113887, at *2 (D.D.C. July 24, 1990). Verizon is registered to do business in Maryland and has employees there. Defs.' Mot. at 8; Ashley Decl. 2 ¶ 6. Thus, the court concludes that Verizon is subject to personal jurisdiction in Maryland because it is present and could be served process in the state. *See, e.g.*, *Burnham v. Super. Ct. of Cal.*, 495 U.S. 604, 619 (1990) (holding that jurisdiction over a party found in the state was proper "based on physical presence alone").

Having concluded that personal jurisdiction over Verizon is proper, the court turns its jurisdictional analysis to defendant Ashley, a resident of Virginia. In analyzing jurisdiction over an out-of-state defendant, the court must "first consider whether [Maryland's] long-arm statute authorizes the exercise of jurisdiction over the defendant;" if it does, the court must "then determine whether the exercise of jurisdiction comports with the Fourteenth Amendment due process requirements."[7] *Stover v. O'Connell Assocs. Inc.*, 84 F.3d 132, 134 (4th Cir. 1996).

---

[7]   The relevant long-arm statute reads: "[a] court may exercise personal jurisdiction over a person, who directly or by an agent: [t]ransacts any business or performs any character of work or service in the State." MD. CODE ANN., CTS. & JUD. PROC. § 6-103.

"[T]hese two considerations are interrelated, as it was the intent of the [Maryland] Legislature in enacting the long-arm statute to expand the personal jurisdiction of the courts to the extent permitted by the Fourteenth Amendment."  *Mohamed v. Michael*, 279 Md. 653, 657 (1977); *see also Stover*, 84 F.3d at 135 (noting that "Maryland courts have concluded that the state legislature intended to expand Maryland's exercise of personal jurisdiction to the limits allowed by the Due Process Clause of the Fourteenth Amendment").  "Because the limits of Maryland's statutory authorization for the exercise of personal jurisdiction are coterminous with the limits of the Due Process Clause, the statutory inquiry necessarily merges with the constitutional inquiry, and the two inquiries essentially become one."[8]  *Id.*

In evaluating specific jurisdiction for out-of-state defendants, the Fourth Circuit has delineated three factors to guide the due process analysis: "(1) the extent to which the defendant has purposefully availed itself of the privilege of conducting activities in the state; (2) whether the plaintiffs' claims arise out of those activities directed at the state; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'"  *Carefirst of Md., Inc. v. Carefirst Pregnancy Ctrs., Inc.*, 334 F.3d 390, 397 (4th Cir. 2003) (citing *ALS Scan, Inc. v. Digital Serv. Consultants, Inc.*, 293 F.3d 707, 712 (4th Cir. 2002).  The record indicates that Ashley supervised employees, including the plaintiff, in Maryland and that many of the plaintiff's claims involving Ashley occurred in Maryland and related directly to her allegations of discrimination.  *See generally* Compl.  Specifically, Ashley conducted face-to-face meetings with

---

[8]     "Questions regarding the meaning and reach of Maryland's long arm statute must be resolved according to Maryland law, but questions regarding the due process limits on personal jurisdiction are resolved according to federal law."  *Md. Nat. Bank v. M/V Tanicorp I*, 796 F. Supp. 188, 191 (D. Md. 1992).

11

the plaintiff and presented her with a Performance Improvement Plan in Maryland. Ashley Decl.
1 ¶¶ 10-12. Based on these facts, Ashley's conduct meets the minimum contacts threshold for
personal jurisdiction in Maryland related to those claims arising out of her employment as a
Verizon supervisor in Maryland. *See, e.g.*, *Equifax Servs., Inc. v. Hitz*, 905 F.2d 1355, 1359
(10th Cir. 1990) (holding that the exercise of personal jurisdiction over a California employee
was proper in Kansas even though the "[d]efendant's only significant physical presence in
Kansas in connection with his employment was to attend a training session when he was still an
independent contractor working for [the employer], and when he was summoned to [the
employer's] Kansas offices for a reprimand shortly before he resigned"). As a consequence, the
court holds that the interest of justice weighs in favor of transferring this entire action to the
District of Maryland. *See Mikkilineni v. Gibson-Thomas Eng'g Co.*, 2003 WL 1846047, at *2
(D.D.C. Mar. 31, 2003) (electing to "keep[] the claims in the plaintiff's pending action together
and transfer[] the entire action").

## IV. CONCLUSION

For the foregoing reasons, the court denies the defendants' motion to dismiss and grants
the defendants' motion in the alternative to transfer this case to the District of Maryland's
Greenbelt Division. An Order consistent with this Memorandum Opinion is separately and
contemporaneously issued this 3rd day of August, 2009.


RICARDO M. URBINA
United States District Judge